IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROYT A. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-898-SMY-GCS |
| | ) |
| EFFINGHAM COUNTY, ILLINOIS, | ) |
| EFFINGHAM COUNTY SHERIFF'S | ) |
| DEPARTMENT, DAVID MAHON, JOHN | ) |
| LONG, ROBERT RICH, and UNKNOWN | ) |
| INDIVIDUALS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM AND ORDER

**Yandle, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Gilbert C. Sison (Doc. 13) recommending that the undersigned grant Defendants' Motion to Dismiss (Doc. 5). Objections to the Report and Recommendation were to be filed by December 31, 2020 (Doc. 13). On December 30, 2020, Plaintiff filed a handwritten letter with the subject line: "Re: Troyt Cox v. Effingham County Failure to Respond by Plaintiff" (Doc. 15). Defendants filed an untimely Response to Plaintiff's filing on March 12, 2021 (Doc. 16).

While the handwritten letter does not appear to be an objection to the Report and Recommendation, the Court will address the contents below. For the following reasons, the Court **ADOPTS** Judge Sison's Recommendation.

## Procedural and Factual Background

Plaintiff Troyt A. Cox filed the instant action in the Fourth Judicial Circuit Court, Effingham County, Illinois (Doc. 1-2). He alleges wrongful eviction under 735 ILCS § 5/9-10, Article 1 § 6 of the Illinois Constitution, and the Fourth Amendment of the United States Constitution. The Complaint allegations also suggest that Defendants committed (or may have committed) common law trespass, theft, and malicious prosecution.[1]

Cox makes the following allegations in the Complaint (Doc. 1-2): he possessed certain real property pursuant to an April 12, 2017 real estate contract. On September 28, 2017, Defendant Rich, a corporal in the Effingham County Sheriff's Department, participated in evicting Cox and his son from the residence by changing the locks and moving Cox's personal property to the garage without a written eviction notice. Cox was allowed only six hours to retrieve his personal property from the residence under Defendant Long's supervision on October 14, 2017. As a result of these events, Cox and his son experienced mental distress and financial losses. He is seeking compensatory and punitive damages.

Cox filed his Complaint on April 10, 2019, but not seek to have summons issued for any defendant until August 2019 (Doc. 1-3). No proof of service or non-service was filed with the Effingham County Circuit Clerk. (*Id.*).

On March 3, 2020, the state court filed a "notice of dormancy." (*Id.*). Cox responded to the notice on March 23, 2020. (*Id.*). As a result of Cox's response, additional summonses were issued for Defendants on July 21, 2020. (*Id.*). On August 4, 2020, Cox served Defendants Mahon,

---

[1] Although the Complaint does not specifically reference 42 U.S.C. § 1983, it does allege that certain defendants acted with color of law and in official capacity. As such, the Complaint will be examined under the statute.

Long, and Effingham County. (*Id.*). To date, Defendant Rich has not been served. (*Id.*). Cox's state court case was never dismissed for want of prosecution. (*Id.*).

On September 3, 2020, the defendants that had been served removed the case to this court (Doc. 1). Those same Defendants filed a motion to dismiss, arguing that Cox's Complaint should be dismissed: (1) for want of diligent service [2]; (2) or alternatively, because Cox's state law theories are untimely and improper [3]; and (3) or alternatively, because Plaintiff's attempted federal claims cannot survive [4]. (Doc. 5). Cox did not respond to the motion and did not seek an extension of time to do so.[5] Cox had no activity in this case after removal until October 9, 2020, when he requested access to the CM/ECF filing System (Doc. 10). The Court granted Cox's request on October 13, 2020 (Doc. 11).

On November 2, 2020, Magistrate Judge Gilbert C. Sison entered a Notice of Impending Dismissal; a copy of the Notice was sent to Cox on November 3, 2020 (Docs. 12, 13). The Notice required Cox to serve Defendant Rich by November 23, 2020, or the case would be dismissed for want of prosecution. See, Fed. R. Civ. Pro. 4(m). Cox failed to serve Defendant Rich and, the time within which to do so has elapsed.

Magistrate Judge Sison's Report and Recommendation was issued on December 14, 2020 (Doc. 13). He concluded that Cox did not serve the defendants until after the expiration of the applicable statute of limitations, and therefore, dismissal of all claims with prejudice is warranted and appropriate.

---

[2] Fed. R. Civ. Pro. 12(b)(2) & (5).
[3] Fed. R. Civ. Pro. 12(b)(6).
[4] Fed. R. Civ. Pro. 12(b)(6).
[5] Notices were sent to Cox by the federal court clerk on or about September 4, 2020, and September 28, 2020; yet, Cox chose not to actively participate in this federal court action until October 9, 2020 when he filed a motion.

Cox filed a handwritten letter on December 30, 2020 titled, "Failure to respond by Plaintiff" (Doc. 15). The document does not identify any portion of Judge Sison's Report to which Cox objects. *See* SDIL – LR 73.1 (b); 28 U.S.C. § 636(b)(1)(B). Instead, it offers an explanation as to why Cox failed to respond to Defendants' motion to dismiss. (Doc. 15).

### Discussion

While Cox's letter filed on December 30, 2020 does not clearly articulate an objection to the Report as required by SDIL – LR 73.1(b), this Court favors the adjudication of *pro se* claims on the merits rather for technical reasons when possible. As such, because the letter was filed within the period allotted for objections, the undersigned will undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*. The Court has reviewed Judge Sison's Report consistent with these standards.

As previously noted, Defendants' motion to dismiss was filed on September 10, 2020, and Cox failed to respond to the motion or seek an extension. Pursuant to local rule, the Court may consider the failure to file a timely response to a motion as an admission of the merits of the motion. *See* SDIL – LR 7.1(c); *see Stanley v. Carrier Mills-Stonefront School Dist. No. 2*, 459 F. Supp. 2d 766 (S.D. Ill. 2006). The Court finds it appropriate to do so here.

Additionally, Cox's lack of diligent service on Defendants warrants dismissal with prejudice. Generally, if a defendant is not served within ninety (90) days after a plaintiff files a

Complaint, the court "must" dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. Pro. 4(m). Rather than dismissing the case however, Judge Sison gave Cox one last opportunity and ordered him to serve Defendant Rich by November 23, 2020 (Doc. 12). Given Cox's failure to comply with that Order, dismissal as to Defendant Rich for lack of prosecution is justified.

As it relates to the remaining defendants, under Illinois Supreme Court Rule 103(b), claims for which service is made after the expiration of the statute of limitations "shall" be dismissed with prejudice. Ill. Sup. C. R. 103(b). Cox's state law claims are made against public entities (e.g., Effingham County and the Sheriff's Office/Sheriff Mahon) or public employees acting as Sheriff's Deputies at all relevant times (e.g., John Long). Pursuant to the Illinois Tort Immunity Act, "[n]o civil action…may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS § 10/8-101(a). Cox's claims against these defendants accrued on September 28, 2017 (the date of eviction) and October 14, 2017 (the date Cox retrieved his property), respectively. Thus, the statute of limitations for Cox's state law claims against Defendants expired on September 18, 2018 and October 14, 2018. His Complaint, filed on April 10, 2019, was therefore untimely.

The Illinois two-year statute of limitations for personal injury actions applies to Cox's federal tort claims. *See Ray v. Maher*, 662 F.3d 770, 772-773 (7th Cir. 2011). Although his Complaint was filed before the expiration of that limitations period, he failed to serve any defendant until August 4, 2020, almost a full year beyond the expiration of his longest applicable statute of limitations. Under Illinois law, the standard for dismissal based on failure to exercise reasonable diligence in serving a defendant is the lack of reasonable diligence in effectuating

service. *See Cooperwood v. Farmer*, 315 F.R.D. 493, 498 (N.D. Ill. 2016). In determining whether a plaintiff was "reasonably diligent in effectuating service, the Court should consider: (1) how long it took to serve the defendant(s); (2) Plaintiff's activities; (3) whether Plaintiff was aware of the defendant's location; (4) whether the defendant's location could be easily ascertained; (5) special circumstances which would affect Plaintiff's efforts; and, (6) actual service on the defendant. *Hinkle v. Henderson*, 135 F.3d 521, 524 (7th Cir. 1998).

Here, Cox took four hundred eighty-two (482) days to serve any defendant. The defendants were public entities and public employees with readily available locations; the Court is unaware of any reason Cox would not have known their location for service of process. Cox has provided absolutely no explanation for his delay in serving process on Defendants. Nor has he explained any actions he took in an attempt to effectuate service. Based on the record and the foregoing, the Court finds that Cox failed to exercise reasonable diligence to effectuate until after the expiration of the appliable statute of limitations. Accordingly, dismissal of all claims against all defendants with prejudice is warranted.

## Conclusion

After thoroughly reviewing the record before it, the Court **ADOPTS** Judge Sison's Report and Recommendation in its entirety. Accordingly, this case is **DISMISSED with prejudice** as to all claims and all defendants. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 25, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**